**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-4071**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

JONATHAN RAMACI,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Richard Mark Gergel, District Judge.  (2:22-cr-00993-RMG-1)

_____

Submitted:  August 28, 2025               Decided:  September 3, 2025

_____

Before GREGORY, QUATTLEBAUM, and HEYTENS, Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam opinion.

_____

**ON BRIEF:**  Emily Deck Harrill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Amy Foster Bower, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jonathan Ramaci pled guilty, pursuant to a written plea agreement, to wire fraud, in violation of 18 U.S.C. § 1343, and filing a false individual tax return, in violation of 26 U.S.C. § 7206(1). The district court varied downward and sentenced him to 18 months imprisonment and three years of supervised release. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the plea was voluntary, whether trial counsel was ineffective, whether prosecutorial misconduct occurred, or whether the sentence is unreasonable. Ramaci has filed a pro se supplemental brief raising additional issues.[1] The Government has moved to dismiss Ramaci's appeal as barred by the appellate waiver in his plea agreement. We affirm in part and dismiss in part.

"We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue[s] being appealed fall[] within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id.* "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy, and the record indicates that the defendant understood the full significance of the

---

[1] We have reviewed Ramaci's claims and conclude that they lack merit.

2

waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted).

Our review of the record, including the plea agreement and the transcript of the Rule 11 hearing, confirms that Ramaci knowingly and intelligently waived his right to appeal his conviction and sentence, excepting claims of ineffective assistance of counsel and prosecutorial misconduct. In addition, we have reviewed the record and conclude that the Government did not breach the terms of the plea agreement. We therefore conclude that the waiver is valid and enforceable. Moreover, the sentencing claim counsel seeks to raise on appeal falls squarely within the scope of the waiver.

The waiver provision in the plea agreement does not, however, preclude our review of claims regarding ineffective assistance of counsel or prosecutorial misconduct. To demonstrate ineffective assistance of counsel, Ramaci "must show that counsel's performance was [constitutionally] deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). However, "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record, [ineffective assistance] claims are not addressed on direct appeal." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016).

The record does not conclusively establish that plea counsel rendered ineffective assistance.[2] Our review of the record shows that Ramaci testified at his Rule 11 hearing

---

[2] Accordingly, Ramaci's "ineffective assistance claim should be raised, if at all, in a 28 U.S.C. § 2255 motion." *United States v. Kemp*, 88 F.4th 539, 546 (4th Cir. 2023) (internal quotation marks omitted).

3

that he discussed the plea agreement with his counsel and was satisfied with counsel's performance. Moreover, counsel vigorously and successfully advocated for a downward-variant sentence.

Likewise, the record does not reveal prosecutorial misconduct. For such a claim, Ramaci "must demonstrate that some "egregiously impermissible' government conduct that pre-dated the entry of his plea influenced (or was material to) his decision to plead guilty." *United States v. Garrett*, 141 F.4th 96, 103 (4th Cir. 2025) (citing *United States v. Fisher*, 711 F.3d 460, 465 (4th Cir. 2013). At the plea hearing, Ramaci confirmed that he was not relying on any outside promises or threats in pleading guilty. Thus, we conclude that Ramaci has failed to demonstrate any prosecutorial misconduct.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore grant the Government's motion in part and dismiss the appeal as to all issues within the scope of the appellate waiver. We affirm the remainder of the judgment. This court requires that counsel inform Ramaci, in writing, of the right to petition the Supreme Court of the United States for further review. If Ramaci requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ramaci.

4

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*